# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| WILLIAM JAY CLARK, | ) |
| --- | --- |
| Petitioner, | ) |
| v. | ) Case No. CIV 18-382-RAW-KEW |
| STATE OF OKLAHOMA, | ) |
| Respondent. | ) |

## OPINION AND ORDER

Petitioner, a pro se prisoner who is incarcerated in Iowa Park, Texas, commenced this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He has filed a Motion for Objection of Judicial Bias, alleging the Magistrate Judge assigned to this case demonstrated judicial bias by telling the Attorney General's Office "what the Court needs to deny the Petition" (Dkt. 16 at 1). Petitioner also contends the Magistrate Judge "inserted herself by telling the Attorney General's Office how she was going to rule if they filed a motion to dismiss based upon 28 U.S.C. § 2244, 28 U.S.C. § 2254 or other applicable statute." *Id.* at 2. Petitioner further complains that:

> Had the Magistrate Judge considered that if she did not mention that she was going to dismiss the petition under a procedural default to time limits, the Attorney General could have forgot [sic] to use the procedural default, by inserting herself in the Judicial proceedings she was showing that she can not [sic] be fair on behalf of the Petitioner because even before the state of Oklahoma answered the Petitioner's Writ of Habeas Corpus[,] the Magistrate Judge has told the State of Oklahoma if the [sic] filed a motion to dismiss she would rule on it.

*Id*. at 2-3.

The record shows this action was transferred to this Court from the Northern District of Texas (Dkt. 7). On January 29, 2019, the Magistrate Judge entered an Order directing Respondent to show cause why the writ should not issue by filing an answer to the petition pursuant to Rule 5 of the Rules Governing Section 2254 Cases (Dkt. 9). As an alternative to filing a Rule 5 answer, the Order advised that Respondent could file "a motion to dismiss based upon 28 U.S.C. § 2244, 28 U.S.C. § 2254, or other applicable statute." *Id*. This type of Order is regularly entered in § 2254 habeas corpus cases filed in this Court. On February 6, 2019, Respondent filed a Motion to Dismiss, alleging Petitioner is not "in custody" for purposes of federal habeas corpus review (Dkt. 13).

After careful review, the Court finds Petitioner's motion does not point to any act or speech by the Magistrate Judge indicating any actual bias, prejudice, or appearance of impropriety. *See Mitchell v. Maynard*, 80 F.3d 1433, 1450 (10th Cir. 1996) (noting even appearance of impropriety must be avoided). Instead, Petitioner is making a speculative claim about Respondent's actions. Even if Petitioner could point to adverse rulings to show bias, "adverse rulings against a litigant cannot in themselves form the appropriate grounds for disqualification." *Green v. Dorrell*, 969 F.2d 915, 919 (10th Cir. 1992), *cert. denied*, 507 U.S. 940 (1993).

The Court also notes that if Respondent had failed to assert whether Petitioner is "in custody," the Court would have raised the issue *sua sponte*. *See Hardiman v. Reynolds*, 971 F.2d 500, 502 (10th Cir. 1992) (exception to general rule that court should not raise a

defense *sua sponte* exists for defenses implicating court's subject matter jurisdiction).

**ACCORDINGLY**, Petitioner's Motion for Objection of Judicial Bias (Dkt. 16) is DENIED.

**IT IS SO ORDERED** this 13th day of June 2019.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma