# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **WILLIAM JAY CLARK,** | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **Case No. CIV 18-382-RAW-KEW** |
| | ) |
| **STATE OF OKLAHOMA,** | ) |
| | ) |
| Respondent. | ) |

## OPINION AND ORDER

This action is before the Court on Respondent's motion to dismiss Petitioner's petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Dkt. 1). Petitioner is a pro se prisoner in the custody of the Texas Department of Criminal Justice who is incarcerated at the Allred Unit in Iowa Park, Texas.[1] He is attacking his convictions in Marshall County, Oklahoma, District Court Case Nos. CF-95-111 for First Degree Rape and Case No. CF-95-112 for Second Degree Rape.[2] He raises the following grounds for relief:

Ground I:  Did the Oklahoma Court of Criminal Appeals err in

---

[1] According to the Texas Department of Criminal Justice Offender Search, Petitioner is serving a life sentence for aggravated sex assault of a child in Case No. 053786-15. His sentence began on November 21, 2006. The Court takes judicial notice of the public records of the Texas Department of Criminal Justice at http://www.tdcj.texas.gov. *See Pace v. Addison*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1 (W.D. Okla. Nov. 5, 2014).

[2] The petition lists only CF-95-112, but the documents attached to the petition, as well as many of his subsequent pleadings, also concern CF-95-111. The Judgments and Sentences in both cases were entered on the same date (Dkt. 13-1).

determining that the Petitioner was not entitled to a Writ of Habeas Corpus . . . when the Court Ruled that it did not have Jurisdiction when the Petitioner Put in the Notice of Appeal in [sic] on August 20, 2018 in the Prison Mailing System, The Petitioner Does not have Control over his Mail.

Ground II: Did the Oklahoma Court of Criminal Appeals and the 19th District Court err in determining that the Petitioner was not entitled to effective assistance of Counsel, When it determined that the Petitioner's trial Attorney was effective for not filing a Notice of Appeal After The Trial when he was instructed to do so.

Ground III: Petitioner waived allegations of error as to Issues which were or could have been raised on direct appeal Pursuant to 22 O.S. § 1086 When the Petitioner's Right to an Appeal was violated when the trial attorney never filed a notice of appeal for the Petitioner.

Ground IV: Did the Oklahoma Court of Criminal Appeals err in determining that the trial Court did not violate the Petitioner's 5th, 6th, 14th Amendments to the U.S. Constitution, when the Oklahoma Court of Criminal Appeals agreed with the trial court's ruling that the Petitioner was not entitled to his 6th Amendment right to an attorney during the interrogation When the Petitioner Requested Several times for an attorney during interrogations and was denied.

Ground V: Did the Oklahoma Court of Criminal Appeals err in determining that the Petitioner was not denied his Constitutional Rights under the 5th, 6th, 14th Amendments by being questioned by law enforcement while in custody.

Ground VI: Was the Oklahoma Court of Criminal Appeals in err [sic] in Determining that the Oklahoma State Bureau of Investigation Agent "David Seals" did not violate the Petitioner's rights under the 5th, 6th, 14th Amendments to the U. S. Constitution, when the Agent Mr. Seals illicited [sic] with threats and coercion to force of statement out of Petitioner.

Respondent has filed a motion to dismiss, alleging Petitioner is not in custody, as required by 28 U.S.C. § 2254(a). The record shows that Petitioner received a six-year

sentence in Case No. CF-95-111 and a three-year sentence in CF-95-112 (Dkt. 13-1). According to the Oklahoma Department of Corrections Offender website, Petitioner was received into DOC custody in 1996, and he discharged his sentences in 1999 (Dkt. 13-2).[3]

Federal district courts have jurisdiction to consider a 28 U.S.C. § 2254 habeas petition "only from persons who are '*in custody* in violation of the Constitution or laws or treaties of the United States.'" *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)) (emphasis in original). *See also* 28 U.S.C. § 2254(a). A habeas petitioner, therefore, must be "in custody" under the conviction or sentence the petitioner is challenging at the time the petition is filed. *Maleng*, 490 U.S. at 490-91.

Petitioner argues in his response to the motion to dismiss (Dkt. 19) that he is in custody because he has to register and report to the Sheriff's Office every 90 days for life, and he has to reside in a particular community, because he cannot live next to a school, playground, park or other areas where children gather. *Id*. at 2. The Tenth Circuit Court of Appeals considered and rejected this argument in *Calhoun v. Attorney Gen. of the State of Okla.*, 745 F.3d 1070, 1072-73 (10th Cir. 2014). As a matter of first impression, the Tenth Circuit held the petitioner challenging his Colorado conviction was not "in custody," because his obligation to register as a sex offender in Colorado was a "collateral consequence of conviction that [did] not impose a severe restriction on [his] freedom." *Id.* at 1074. In so ruling, the Tenth Circuit announced, "[W]e join the circuits uniformly

---

[3] The Court takes judicial notice of the Oklahoma DOC Offender website at https://okoffender.doc.ok.gov. *See Pace*, No. CIV-14-0750-HE, 2014 WL 5780744, at *1 n.1

holding that the requirement to register under state sex-offender registration statutes does not satisfy § 2254's condition that the petitioner be 'in custody' at the time he files a habeas petition." *Id*. (citations omitted). *Id.* In *Dickey v. Allbaugh*, 664 F. App'x 690, 693-64 (10th Cir. 2016), the Tenth Circuit extended *Calhoun* to Oklahoma's sex offender registration statute), *cert. denied*, __ U.S. __, 137 S. Ct. 2295 (2017). This Court thus finds Petitioner's claim regarding his Oklahoma sex-offender requirements do not render him "in custody" for purposes of his § 2254 petition.

Petitioner also claims in his supplemental response to the motion to dismiss (Dkt. 20) that he meets the "in custody" requirement, because his Oklahoma convictions in Case Nos. CF-95-455, CF-95-111, and CF-112 were used to enhance his Texas sentence to a life sentence.[4] He maintains the Oklahoma convictions were obtained without his being afforded his Fifth, Sixth, and Fourteenth Amendment rights when he was denied appointment of counsel before and during interrogations. In addition, he allegedly was abandoned by counsel during a suppression hearing and during sentencing. He further asserts he was denied the right to file meaningful appeals.

Although Petitioner is foreclosed from attacking his Oklahoma convictions and sentences in this federal habeas proceeding, his Petition could be construed liberally as asserting a challenge to the sentence imposed for the Texas conviction as enhanced by the

---

[4] The petition does not include claims concerning Case No. CF-95-455, which was a Bryan County, Oklahoma, conviction for Second Degree Rape. *See* Oklahoma DOC Offender website.

allegedly invalid Oklahoma convictions. *See Carthen v. Workman*, 121 F. App'x 344, 346 (10th Cir. 2005). In *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394 (2001), the Supreme Court addressed the very limited extent to which an enhanced conviction could be challenged on the ground that a prior conviction was obtained unconstitutionally:

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna*, 532 U.S. at 403-404 (citation omitted). "The only exceptions exist when: 1) counsel is not appointed in violation of the Sixth Amendment; or 2) no channel of review is available through no fault of the petitioner." *Broomes v. Ashcroft*, 358 F.3d 1251, 1254 (10th Cir.) (citations omitted), *cert. denied*, 543 U.S. 1034 (2004).

The Court finds that if Petitioner's claim is construed to assert a challenge to his enhanced sentence in the Texas case, this claim was not raised in his habeas petition, and he has not asked to amend his petition to present this issue. He instead raised it as a defense to Respondent's motion to dismiss for lack of jurisdiction. To proceed with a challenge to the Texas sentence, he must raise the issue in the federal district court having jurisdiction over his custodian. *See Braden v. 30th Judicial Circuit Ct. of Ky.*, 410 U.S. 484, 495 (1973) (holding that a district court issuing the writ must have jurisdiction over

5

the petitioner's custodian).[5] *See also Alexander v. Attorney Gen. of Colorado*, 515 F. App'x 746, 750 (10th Cir. 2013) ("[I]t is undisputed that Alexander completed the sentences imposed in connection with those convictions and thus is no longer 'in custody' under the 1995 judgment. Consequently, the only way for Alexander to satisfy § 2254's 'in custody' requirement is to treat his current sentence as the sentence being challenged in his federal habeas petition." (citing *Lackawanna*, 532 U.S. at 401).

Petitioner also must demonstrate he has exhausted his available state court remedies by presenting his claim challenging the lawfulness of his Texas sentence, as enhanced by the allegedly invalid prior Oklahoma convictions, to the Texas courts. *See McCormick v. Kline*, 572 F.3d 841, 851 (10th Cir. 2009) ("Crucial to the *Lackawanna* exceptions is the requirement that '[a]s with any § 2254 petition,' a petitioner seeking to invoke the exceptions 'must satisfy the procedural prerequisites for relief including, for example, exhaustion of remedies.'") (quoting *Lackawanna*, 532 U.S. at 404).[6]

Finally, Petitioner alleges he learned on March 18, 2019, that he has a detainer

---

[5] The proper respondent to a habeas petition is "the person who has custody over [the petitioner]." 28 U.S.C. § 2242; *see also Harris v. Champion*, 51 F.3d 901, 906 (10th Cir. 1995) ("The law is well established that the proper respondent to a habeas action is the habeas petitioner's custodian."); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (generally, "the proper respondent [in a habeas case] is the warden of the facility where the prisoner is being held.").

[6] The Court takes judicial notice of the PACER federal court records which indicate Petitioner already has challenged his Grayson County, Texas, conviction in the Eastern District of Texas through a § 2254 petition which was denied. *See Clark v. Director, TDCJ-CID*, No. 10-cv-236 (E.D. Tex Jan. 14, 2013) (unpublished report and recommendaton), *adopted by district court*, 2013 WL 412627 (Feb. 1, 2013) (unpublished). He did not raise any issues regarding his sentence in that action.

from Bryan County, Oklahoma (Dkts. 21, 23). He, therefore, claims he actually is "in custody" for purposes of this petition. Because this action does not challenge the Bryan County detainer, the Court cannot consider his claim.

The Court has carefully reviewed the record and construed Petitioner's pleadings liberally. *Haines v. Kerner*, 404 U.S. 519 (1972). This relaxed standard, however, does not relieve his burden of alleging sufficient facts on which a recognized legal claim could be based. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Based on the above analysis, the Court finds Petitioner is not "in custody" for purposes of this habeas corpus action. Therefore, Respondent's motion to dismiss (Dkt. 13) is GRANTED.

## Certificate of Appealability

Rule 11(a), *Rules Governing Section 2254 Cases in the United States District Courts*, instructs that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Pursuant to 28 U.S.C. § 2253(c)(2), the Court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." A petitioner can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (citing *Barefoot v. Estelle*, 463 U.S. 880, 893 (1983)). In addition, when the Court's ruling is based on procedural grounds, Petitioner must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

7

*Slack*, 529 U.S. at 484.

In this case, the Court concludes that a certificate of appealability should not issue. Nothing suggests that the Court's procedural ruling resulting in the dismissal of this action based on lack of subject matter jurisdiction is debatable or incorrect. Therefore, a certificate of appealability is DENIED.

**ACCORDINGLY,** Respondent's motion to dismiss (Dkt. 13) is GRANTED, and Petitioner is DENIED a certificate of appealability.

**IT IS SO ORDERED** this 13th day of June 2019.

_____
Ronald A. White
United States District Judge
Eastern District of Oklahoma